THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUDESHKUMAR S. KOTHARI,

                Plaintiff,

     v.

JEFFREY A. UTTECHT,

                Defendant.

CASE NO. C14-1431 JCC

ORDER ADOPTING R&R AND DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS

This matter comes before the Court on the petition of Sudeshkumar Kothari ("Petitioner") for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 7.) The Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 31), issued a Report and Recommendation ("R&R") (Dkt. No. 31) advising this Court to deny Petitioner's habeas petition. Petitioner submitted a "Motion to Stay" the R&R, which contains objections to the R&R. (Dkt. No. 32.)

After reviewing each of Petitioner's objections *de novo*, and having thoroughly considered the parties' briefing and relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R and DISMISSES the habeas petition for the reasons explained herein.

## I.   BACKGROUND

Petitioner is incarcerated in the Coyote Ridge Correction Center following his 2012 conviction of burglary in the first degree, assault in the second degree, and violation of a court

order. (Dkt No. 7–1, Ex. G.) Division One of the Washington State Court of Appeals upheld his conviction on March 17, 2014 (Dkt. No. 7–1, Ex. A) and denied reconsideration on March 31, 2014 (Dkt. No. 7–1, Ex. E). The Washington State Supreme Court denied review. (Dkt No. 7–3, Ex. P.)

Plaintiff filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 on October 7, 2014 (Dkt. No. 7) and moved to amend the state court record (Dkt. Nos. 15–16; 19). Respondent submitted a response to Plaintiff's motion to amend. (Dkt. No. 17). Petitioner subsequently filed a Motion to Dismiss Respondent's Response ("motion to strike"). (Dkt. No. 20.) On January 27, 2015, Respondent answered Plaintiff's habeas petition. (Dkt. No. 21.) On March 25, 2015, Judge Theiler recommended that the Court deny Petitioner's motions to amend the record, deny Petitioner's motion to strike, and dismiss the habeas petition. (Dkt. No. 31.) In lieu of submitting objections to the R&R, Petitioner filed a "Motion to 'Stay' to Order Full Criminal Investigation by the FBI, Pursuant to Petitioner's Sovereign 'Rights' to Equal Justice" ("Motion to Stay") on April 6, 2015. (Dkt. No. 32.) Judge Theiler did not respond to Petitioner's objections.

## II.    DISCUSSION

### A.    Standard of Review

A district court reviews *de novo* the parts of a Magistrate's report to which any party objects. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A party properly objects under the Federal Rules when he or she files "specific written objections" to the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). General objections or summaries of arguments already presented, however, have the same effect as no objection at all. *See Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**B.      Petitioner's Objections**

Petitioner has not filed formal objections to the R&R. Instead, he filed a "Motion to Stay" (Dkt. No. 32) in which he requests a stay of the R&R pending a criminal investigation by the FBI.

*1.   Pending Motions*

The "Motion to Stay" does not address Judge Theiler's recommendation to deny Petitioner's motions to amend the record (Dkt. No. 15–16; 19) or his motion to strike (Dkt. No. 20). The Court finds Judge Theiler's reasoning persuasive and DENIES the pending motions.

*2.   Habeas Claims*

Petitioner presents only two arguments that can be fairly construed as objections to the R&R. The Court reviews the relevant parts of the R&R *de novo*. First, Petitioner argues that Judge Theiler erred in determining that Petitioner "provided no examples, or basis or facts or evidence to support" his allegations.[1] (Dkt. No. 32 at 16–17.) He claims that "each and every motion [he] submitted . . . diligently and clearly provides substantial facts, examples, [and] evidence . . . ." (Dkt. No. 32 at 17.) However, Petitioner has presented no evidence that can support the four grounds for relief set forth in his habeas petition (Dkt. No. 7 at 5-10) or his firm belief of the existence of a criminal conspiracy. In his first, third, and fourth ground for relief, Petitioner argues that the prosecutor, defense attorneys, and state court judges fabricated evidence, falsely charged and framed Petitioner, and conspired to conceal their own criminal acts. (*Id.* at 5; 8–10.) Yet, Petitioner has submitted no evidence of his actual innocence, of witness dishonesty, or that the attorneys knowingly presented false evidence. Similarly, the allegation that the trial and appellate judges fraudulently concealed the crimes of their colleagues

---

[1] While Petitioner does not cite to the R&R, the Court identifies the following passages of the R&R as potential basis for the objection: 1) "[P]etitioner presents no support for a claim that the prosecutor introduced false testimony or that the trial judge was biased against him. Petitioner similarly presents no more than bare allegations of judicial bias on the part of the state appellate court judges" (Dkt. No. 31 at 7); and 2) "Petitioner does not identify any support for a contention that he made an unequivocal request for self-representation" (*Id.* at 9).

1   lacks foundation. Petitioner claims in his second ground for relief that he was forced to waive the

2   right to represent himself at trial. (*Id*. at 7.) The Court agrees with Judge Theiler's determination

3   that "Petitioner does not identify any support for a contention that he made an unequivocal

4   request for self-representation." (Dkt. No. 31 at 9.) Petitioner's bare assertion to the contrary is

5   insufficient to overcome the conclusion of the state trial and appellate courts. (*Id*.)  Therefore, the

6   Court finds no foundation for Petitioner's conclusory assertions of the existence of substantial

7   factual support for his claims. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory

8   allegations which are not supported by a statement of specific facts do not warrant habeas

9   relief."). The R&R correctly determined that the Petitioner did not present any evidentiary

10  support for his claims.

11          Second, Petitioner claims that Judge Theiler "sought no evidence to support" the

12  statements of the state actors involved in this case. However, Petitioner identifies no particular

13  unsupported statement or deficiency in Judge Theiler's reasoning. The Court finds that the

14  R&R's comprehensive analysis rebuts this conclusory allegation.

15          In the remainder of the Motion to Stay, Petitioner repeats arguments made in prior filings,

16  all of which are thoroughly addressed by the R&R. He also presents new claims, such as

17  allegations of Judge Theiler's participation in the cover-up of the criminal acts by fellow judges,

18  prosecutors, and defense attorneys. The Court does not consider these new claims to be

19  objections to the R&R. Because Petitioner is proceeding pro se, the Court interprets his petition

20  and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.

21  2003). However, Petitioner's allegations do not address the merits of the R&R or specify any

22  other particular error in the R&R. He does not discuss the laws cited, present new facts, or

23  challenge the reasoning. Accordingly, the Court finds the "Motion to Stay" insufficient to alter

24  the persuasive reasoning of the R&R.

25

26

ORDER ADOPTING R&R AND DISMISSING
PETITIONER'S WRIT OF HABEAS CORPUS
PAGE - 4

**III.    CONCLUSION**

For the foregoing reasons, the Court ADOPTS the R&R (Dkt. No. 31) and DISMISSES Petitioner Sudeshkumar Kothari's petition for writ of habeas corpus (Dkt. No. 7). The Court finds and ORDERS as follows:

(1)  The Report and Recommendation (Dkt. No. 31) is ADOPTED;

(2)  Petitioner's 28 U.S.C. § 2254 habeas petition (Dkt. No. 7) and this action are DISMISSED with prejudice;

(3)  Petitioner's motions to amend the record (Dkt. Nos. 15 and 19) are DENIED;

(4)  Petitioner is DENIED issuance of a certificate of appealability; and

(5)  The Clerk is respectfully directed to send a copy of this Order to Petitioner, to counsel for respondent, and to Judge Theiler.

DATED this 26th day of May 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE